# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25-00092-01-CR-W-SRB** |
| | ) | |
| **R. DAVON BURTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

On October 29, 2025, counsel for Defendant R. Davon Burton filed a motion pursuant to 18 U.S.C. § 4241 for determination of Defendant's mental competency to stand trial. Doc. 20.[1] On October 31, 2025, the Court granted the motion for determination of Defendant's mental competency to stand trial under 18 U.S.C. § 4241. Doc. 21. The Court directed a psychological or psychiatric examination of Defendant be conducted and the report be filed with the Court pursuant to 18 U.S.C. § 4247(b). *Id.*

Shortly thereafter, Defendant was designated to the Federal Detention Center – Houston, TX for psychiatric evaluation. On December 29, 2025, the Court received a forensic evaluation from Lesli Johnson, Ph.D., who concluded:

> "[b]ased on the information available, there is no objective evidence to indicate that Mr. Burton suffers from signs or symptoms of a major mental disorder . . . that would impair his present ability to understand the nature and consequences of the court proceedings against him, or his ability to properly assist counsel in his defense."

---

[1] Defense counsel also requested a psychiatric or psychological examination to determine the existence of insanity at the time of the offense pursuant to 18 U.S.C. § 4242. Doc. 20. Because Defendant had not filed a notice pursuant to Rule 12.2 of the Federal Rules of Criminal Procedure, and the Government had not requested a psychiatric or psychological examination of Defendant, the Court denied Defendant's request for a psychiatric or psychological examination pursuant to section 4242. Doc. 21.

Doc. 24.  Further, Dr. Johnson concluded "[a]t this time, Mr. Burton's prognosis regarding his competency to stand trial is good," and Defendant's symptoms "did not rise to the level that would hinder [his] competency-related abilities." *Id*.

On January 21, 2026, a hearing was held pursuant to 18 U.S.C. § 4247(d) for the purpose of determining Defendant's mental competency to stand trial.  Docs. 28, 29.  Defendant, substitute counsel Travis Poindexter on behalf of Ronna Holloman-Hughes, and Government counsel, Jess Michaelson all appeared in person.  Doc. 28.  The parties stipulated that the Court could consider Dr. Johnson's forensic evaluation as if she had appeared in person and testified under oath.  *Id*. No additional evidence was offered by either party.  *Id*.  Based on the record before the Court, including Dr. Johnson's report (Doc. 24), it is

RECOMMENDED that the District Court find Defendant is competent to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

Counsel are reminded they have fourteen days in which to file any objection to this Report and Recommendation.  A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation except on the grounds of plain error or manifest injustice.

**IT IS SO ORDERED.**

DATE: January 21, 2026                    ___*/s/ W. Brian Gaddy*_____
                                          W. BRIAN GADDY
                                          UNITED STATES MAGISTRATE JUDGE